# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JUSTIN SORCI<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)     3:25-mj-1062-LLL<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 1, 2025__ in the county of __Baker__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 844(f)(i) | Committed and attempted to commit arson |

This criminal complaint is based on these facts:
See Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Derontae Jordan, Law Enforcement Officer, USFS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: February 3rd, 2025

*Judge's signature*

City and state: Jacksonville, Florida     Laura Lothman Lambert, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Derontae Jordan, being first duly sworn, do here by depose and state that:

## INTRODUCTION

1. I, Derontae Jordan, am currently employed as a Law Enforcement Officer for the United States Forest Service, where I have worked since September 2022. In this position, I am assigned to the Osceola National Forest, which covers approximately 260,000 acres of federal land.

2. I obtained a Criminal Justice bachelor's degree at the University of West Florida. In addition, I am a graduate from the Federal Law Enforcement Training Center (FLETC) Land Management Police Training Program (LMPT) and FLETC Drug Enforcement Training Program, and have completed courses on Introduction to Wildland Fire Behavior and Wildfire Cause and Origin Determination.

3. As part of my responsibilities at the Osceola National Forest, I conduct a variety of types of investigations, including wildland arson, and wildfire cause and origin determinations.

4. Based upon my knowledge, training, experience, and participation in investigations involving wildfire arson, and in reliance upon the collective experience and training of the other members of the investigative team I worked with on this matter, I learned of the facts described below. This affidavit is made for the sole purpose of demonstrating probable cause to support a criminal complaint, and it does not purport to set forth all my knowledge of this investigation.

## LEGAL BACKGROUND

5.  Pursuant to 18 U.S.C. § 844(f)(1), it is unlawful for any person to: *"maliciously damage[] or destroy[], or attempt[] to damage or destroy, by means of fire . . ., any . . . real property in whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof. . . ."*

## INVESTIGATION

6.  On January 30, 2025, while exercising my duties as a Law Enforcement Officer in the Middle District of Florida, I was patrolling the Osceola National Forest, in Baker County, Florida, in a marked Forest Service Law Enforcement vehicle and in a complete Forest Service Law Enforcement uniform.

7.  At approximately 2:32 p.m., I received information from U.S. Forest Service Assistant Fire Manager Officer Wesley Woodrome, regarding a camper who was not in a developed campground, but near the area of an active prescribed burn of the forest. (A "prescribed burn" is a planned fire, also sometimes called a "controlled burn" or "prescription burn," that is used by the Forest Service to meet certain forest management objectives.) Conducting a compliance/safety check on the subject who was camping, I contacted a male subject, identified as Justin SORCI (DOB: xx/xx/1983), of Jacksonville Beach, Florida. While meeting with SORCI, I asked him if he was familiar with the rules and regulations concerning camping on the Osceola National Forest. SORCI said no. I then explained to SORCI that he was only allowed to camp 14 consecutive days, and that he would be allowed to return to

the Osceola National Forest after 16 days, pursuant to National Occupancy and Use regulations.

8. When I asked SORCI if he had an established fire ring around the active campfire he was burning, he said no. (A "fire ring" is a structure of inflammable materials surrounding a campfire to prevent its unintentional spread.) SORCI then advised that the U.S. Forest Service was doing a control burn, and so was he. I then told SORCI that he is not authorized to conduct a controlled burn. SORCI then stated that he was authorized to conduct a controlled burn because he is a sovereign citizen. My interaction with SORCI concluded at approximately 2:38 p.m.

9. Two days later, on February 1, 2025, at approximately 2:34 p.m., I received a call from U.S Forest Service Assistant Fire Manager Officer Woodrome, regarding SORCI conducting a burn at the same location I previously encountered him on January 30. I arrived on scene at approximately 3:05 p.m., again in uniform. I observed smoke and a slow simmering fire in grasses, brush, and trees at the scene. At the scene, I spoke with Matthew Heaney, a U.S. Forest Service Fire employee. When asked, Heaney stated he observed SORCI starting the fire. On this day, there were no active Forest Service prescription burns in the area.

10. SORCI was nearby at his campsite. When I contacted SORCI, I attempted to read his *Miranda* rights. As I did so, SORCI turned around in the opposite direction. After giving SORCI lawful commands to turn back around, SORCI attempted to flee on foot. I then gave pursuit on foot after SORCI. At one

point, I lunged at SORCI, making him fall to the ground. Florida Wildlife Commission Officer Thomas Norris and I were able to place him in handcuffs. SORCI was later placed in Officer Norris's patrol vehicle. As SORCI was being put into the patrol vehicle, he physically resisted by pushing against the door with his legs, which required us to grab his legs and bend them at the knee to secure him inside the vehicle and close the door.

11. Shortly afterward, SORCI was interviewed, after being read his *Miranda* rights, which he verbally acknowledged. SORCI stated that he attempted to do the Forest Service a favor by conducting a controlled burn. When I told SORCI that he was not authorized to conduct a burn, he stated that he was able to do his own burn. SORCI also stated that he had the authority and knowledge to burn.

12. SORCI is not an authorized representative of the United States Forest Service and not authorized by that agency to conduct prescribed burns. During my interactions with him, SORCI stated, among other things, that he tried to do the Forest Service a favor, he was a sovereign citizen, and that he had the authority do what he wanted. The facts discovered during my investigation and statements made by SORCI demonstrated that he had the intent to damage or destroy by means of fire National Forest System Lands, which is real property owned and possessed by the United States and its agency, the U.S. Forest Service.

13. The following three photographs, taken on February 2, 2025, are of real property damaged by fire at the scene.







14. Based upon my training, experience, and facts concerning this investigation described above, there is probable cause to believe that Justin SORCI committed and attempted to commit arson in violation of 18 U.S.C. § 844(f)(1).

_____
Derontae Jordan
Law Enforcement Officer
U.S. Forest Service
Law Enforcement & Investigations

Subscribed and sworn to before me on February 3rd, 2025

_____
LAURA LOTHMAN LAMBERT
United States Magistrate Judge

8