UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 3:25-cr-21-HES-SJH

JUSTIN SORCI

## UNITED STATES' MOTION *IN LIMINE* AND MEMORANDUM OF LAW TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING POTENTIAL PUNISHMENT

The defendant, Justin Sorci, is charged with arson. If convicted, he faces a five-year mandatory minimum prison sentence under 18 U.S.C. § 844(f)(1). The United States moves *in limine* to preclude the defendant from eliciting testimony, presenting evidence, or arguing to the jury in any manner that references the potential penalties associated with a conviction in this case.

Unless a statute requires that a jury participate in sentencing determinations (such as in death penalty cases), the sole function of the jury is to acquit or to find the defendant guilty. Punishment is for the sentencing court to decide, not the jury. *See United States v. Del Toro*, 426 F.2d 181, 184 (5th Cir. 1970). Accordingly, testimony about potential punishment is irrelevant and inadmissible at trial. *See* Fed. R. Evid. 401, 402.

Moreover, informing the jury of the possible consequences of a conviction is improper because it serves to: (i) "draw the attention of the jury away from their chief function as sole judges of the facts," (ii) "open the door to compromise

verdicts," (iii) "confuse the issue or issues to be decided," and (iv) manufacture an unjustified acquittal or mistrial "simply because some or all of the jurors thought that the penalty was too severe." *Del Toro*, 426 F.2d at 184; *United States v. Johnson*, 502 F.2d 1373, 1377–78 (7th Cir. 1974).

Accordingly, courts have long prohibited criminal defense attorneys from arguing about punishment to the jury or suggesting that nothing but the jury stands between the defendant going home or going to jail. *See United States v. Wilson*, 439 F.2d 1081, 1082 (5th Cir. 1971) (concluding district court did not err by interrupting defense counsel's pleas to the jury for mercy and references to "moral law," conscience, the Bible, and punishment); *United States v. Ramantanin*, 452 F.2d 670, 672 (4th Cir. 1971) (concluding it was improper during closing arguments for defense counsel to refer to efforts to send his client to jail and proper for the district court to interject and instruct that the question of punishment was not for the jury to consider). It is not only proper for the Court to interrupt such comments, *Wilson*, 439 F.2d at 1082, the Court is "required" to do so and advise the jury not to respond to these pleas to emotion. *Ramantanin*, 452 F.2d at 672.

WHEREFORE, the United States respectfully requests that the Court prohibit the defendant from testifying, eliciting testimony, presenting other evidence, or making arguments to the jury concerning the potential consequences of a conviction,

2

in any manner, including references to punishment, jail, prison, the deprivation of freedom, the loss of liberty, being separated from society or his family, or other pleas for mercy.

          GREGORY W. KEHOE
          United States Attorney

By:   */s/ Michael J. Coolican*
      Michael J. Coolican
      Assistant United States Attorney
      USAO No. 156
      300 North Hogan Street, Suite 700
      Jacksonville, Florida 32202-4270
      Telephone:  (904) 301-6300
      Email: michael.coolican@usdoj.gov